**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **INTERSTATE AGREEMENT ON** |
| | ) | **DETAINERS ORDER** |
| vs. | ) | |
| | ) | |
| James Oscar Thompson, | ) | Case No.: 1:12-cr-064 |
| | ) | |
| Defendant. | ) | |

On May 25, 2012, the defendant appeared for his initial appearance and arraignment. Appearing on behalf of the United States was AUSA Gary Delorme. Assistant Federal Public Defender Heather Mitchell was appointed as defense counsel and appeared on the defendant's behalf.

Prior to his initial appearance, the defendant was incarcerated by the State of North Dakota at the North Dakota State Penitentiary in Bismarck, North Dakota. After the indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States with the North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), the defendant's appearance before this court for his initial appearance and arraignment was secured by a writ of habeas corpus *ad prosequendum*.

During the hearing, the defendant was advised of his rights under the IADA to continued federal custody until the charges set forth in the indictment are adjudicated. The defendant knowingly, voluntarily, and upon advice of counsel waived the anti-shuttling provisions of the IADA and in open court and stipulated to his continued housing by the State of North Dakota (the "sending state" under the IADA) at the North Dakota State Penitentiary pending trial of the charges

1

on the indictment by the United States (the "receiving state" under the IADA). The United States concurred in this stipulation.

Based on the foregoing stipulation of the defendant and the United States and the defendant's wavier of the anti-shuttling provisions of the IADA, **IT IS HEREBY ORDERED** that the defendant be housed in the "sending state" under the IADA, at the North Dakota State Penitentiary in Bismarck, North Dakota. Further, pursuant to the defendant's waiver, the return of the defendant to his place of incarceration pending trial shall <u>not</u> be grounds under the IADA for dismissal of the charges set forth in the indictment.

Upon release from State custody, the court **ORDERS** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. If defendant wants a detention hearing, he may file the appropriate motion with the court.

Dated this 25th day of March, 2012.

>*/s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court